IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREA RUTLEDGE,

                                        Case No: 8:22-cv-01782

    Plaintiff,

v.

VENGROFF WILLIAMS, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, Andrea Rutledge, hereby sues the Defendant, Vengroff Williams, Inc., ("Vengroff") and states as follows:

### INTRODUCTION

1. This is an action against the Defendant for damages pursuant to the Americans With Disabilities Act of 1990, 42 U.S.C. §12111 *et. seq.*, as amended, (referred to as the "ADAAA"), and the Florida Civil Rights Act of 1992, §760.10, as amended ("FCRA").

### PARTIES

2. Plaintiff Rutledge, at all times material hereto, was a resident of Manatee County Florida. At all times material hereto Plaintiff was an employee of Defendant as defined by the ADAAA and the FCRA.

1

3. Defendant, Vengroff, is a Florida for profit corporation that does business within the Middle District of Florida and is subject to the jurisdiction of this Court. At all times material hereto Defendant was Plaintiff's employer within the meaning 42 U.S.C. §2000e-(b) and Fl. Stat. §760.02(7)

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to the ADAAA.

5. This Court has supplemental jurisdiction over any state law claims raised herein pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims raised herein that they form a part of the same case and controversy under Article III of the United States Constitution.

6. On May 14, 2022, the United States Equal Employment Opportunity Commission ("EEOC") issued a Notice of Suit Rights (attached hereto as Exhibit "A"), based on Plaintiff's timely charge of discrimination based on disability (attached hereto as Exhibit "B"). This complaint was filed within 90 days of Plaintiff receipt of the Notice of Suit Rights.

7. Plaintiff has completed all conditions precedent to this action. The attached Charge of Discrimination was filed with EEOC and Florida Commission on Human Relations within 300 days of the commission of the unlawful

employment practices alleged herein. More than 180 days has elapsed since the filing of the charge and the Florida Commission on Human Relations has failed to conciliate or determine whether there is reasonable cause on Plaintiff's discrimination charges.

## VENUE

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the unlawful employment practices were committed in this district.

## FACTUAL ALLEGATIONS

9. Rutledge was initially hired by Defendant in October of 2016 as a credit analyst. Prior to her termination in March of 2020, Plaintiff had been promoted to a Senior Credit Analyst Expert III, she trained and supervised various co-employees, and received numerous production bonuses and awards for meritorious performance.

10. In approximately September of 2019, Plaintiff notified Defendant of a medical condition and impairment of her ability to walk and move around the workplace. Plaintiff was then approached by her supervisor about the ability to work from home, due to her excellent work performance. From approximately October of 2019 through her termination in March of 2020, Plaintiff worked from

home and continued to perform her assigned job duties in a satisfactory manner.

11. In approximately December of 2019, while working from home, Plaintiff was advised she had a new supervisor. Soon thereafter, Plaintiff's new supervisor questioned Plaintiff as to her need to work from home and her medical condition. Plaintiff referred this supervisor to Human Resources for this information, and explained that Defendant possessed the medical information supporting her need to work from home.

12. After questioning Plaintiff about her medical status and need to work from home, Plaintiff's supervisor provided an "annual" performance evaluation for 2019, having only been Plaintiff's supervisor for approximately 3 weeks. In early 2020, for the fist time, Plaintiff was rated below the "Progressing" level on her performance evaluation.

13. In approximately February of 2020, Defendant, through its Human Resources department, provided Plaintiff with FMLA (Family Medical Leave Act) paperwork. Plaintiff advised Defendant that she did not intend to utilize FMLA leave, and would request a medical update from her treating physician regarding her ongoing impairment and need to work from home.

14. Despite being aware of Plaintiff's ongoing need to work from home, Defendant required Plaintiff to physically return to work, and refused to engage in any interactive process to consider the reasonable accommodation of working from home.

15. Defendant then terminated Plaintiff's employment on or about March 3, 2020, based on "performance issues".

16. Shortly after Plaintiff's termination, essentially all of Defendant's employees were permitted to work from home due to the COVID-19 pandemic, evidencing the reasonableness of Plaintiff's request, which Defendant denied.

## COUNT I: VIOLATION OF THE ADAAA, DISABILITY DISCRIMINATION

17. Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

18. Defendant engaged in unlawful and intentional employment practices in violation of 42 U.S.C. §102(a), (b)(1) and (b)(5)(B) due to Plaintiff's disability and/or perceived disability. The employment practices complained of herein include, but are not limited to, the failure to provide a reasonable accommodation to Plaintiff and the termination of Plaintiff's employment.

19. Plaintiff was an employee who was a qualified individual with a

disability within the meaning of 42 U.S.C. 101(8), and who was able to perform the essential functions of his position with or without accommodation.

20. Plaintiff's disability includes a record of an impairment that substantially limits one or more major life activity, and Plaintiff was regarded as having such an impairment by Defendant.

21. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of her employment, and has otherwise adversely affected her status as an otherwise qualified employee of Defendant.

22. Plaintiff has met the prerequisites for filing suit under the ADAAA by filing a timely written charge of discrimination under oath alleging disability discrimination with the EEOC.

23. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered mental anguish, emotional harm, loss of gainful employment, loss of earnings and income, and loss of employment benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against the Defendant and:

a. Direct the Defendant to make Plaintiff whole by providing her with

appropriate lost earnings and employment benefits, with prejudgment interest, in amounts to be proven at trial, and otherwise affirmative relief necessary to eradicate the effect of its unlawful employment practices;

b. Direct the Defendant to make Plaintiff whole by providing compensation for pecuniary losses, in amounts to be proven at trial;

c. Direct the Defendant to make Plaintiff whole by providing her with compensation for non-pecuniary losses, including emotional pain and suffering in amounts to be proven at trial;

d. Direct the Defendant to pay punitive damages for the Defendant's unlawful and intentional employment practices;

e. Direct the Defendant to pay the reasonable costs and attorney's fees in connection with this action.

f. Grant such further relief as the Court deems necessary and proper.

## COUNT II: VIOLATION OF THE FCRA, DISABILITY DISCRIMINATION

24. Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

25. Rutledge is an employee who was a qualified individual with a handicap, within the meaning of Fl. Stat. §760.10, and who was able to perform the essential functions of her position with a reasonable accommodation.

26. Defendant discriminated against Rutledge on the basis of a handicap, and perceived Rutledge as an individual with a handicap, with respect to terms, conditions, and privileges of her employment, and denied her a reasonable accommodation, in violation of § 760.10(1)(a) and (b), Florida Statutes. The employment practices complained of herein were unlawful and were done with malice and reckless indifference to Rutledge's protected rights under the Florida Civil Rights Act of 1992.

27. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of her employment.

28. As a direct result of the discriminatory conduct of Defendant, Rutledge has suffered mental anguish, emotional harm, loss of earnings and income, and loss of employment benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against the Defendant and:

a. Direct the Defendant to make Plaintiff whole by providing her with appropriate lost earnings and employment benefits, with prejudgment interest, in

amounts to be proven at trial, and otherwise affirmative relief necessary to eradicate the effect of its unlawful employment practices;

b. Direct the Defendant to make Plaintiff whole by providing compensation for pecuniary losses in amounts to be proven at trial;

c. Direct the Defendant to make Plaintiff whole by providing her with compensation for non-pecuniary losses, including emotional pain and suffering in amounts to be proven at trial;

d. Direct the Defendant to pay punitive damages for the Defendant's unlawful and intentional employment practices;

e. Direct the Defendant to pay the reasonable costs and attorney's fees under 760.11 Florida Statutes, in connection with this action.

f. Grant such further relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

29. Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and in accordance with Rule 1.09 of the Rules of the U.S. District Court for the Middle District of Florida.

Dated this 5th day of August, 2022.

> S/ Steven E. Hovsepian
> Steven E. Hovsepian
> BARBAS, NUÑEZ, SANDERS,
> BUTLER & HOVSEPIAN
> Lead Counsel, Attorneys for Plaintiff
> FL. Bar No. 0091359
> 1802 W. Cleveland Street
> Tampa, FL 33606
> Telephone: (813) 254-6575
> Facsimile: (813) 254-4690
> shovsepian@barbaslaw.com